MEMORANDUM DECISION
Relator, James R. Kincer, commenced this original action requesting a writ of mandamus which orders respondent Industrial Commission of Ohio to vacate its order denying him temporary total disability compensation on the grounds that he voluntarily abandoned his former position of employment, and to enter an order granting temporary total disability compensation.
Pursuant to Civ.R. 53 and Section M, Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. In his decision the magistrate concluded that underLouisiana-Pacific Corp. v. Indus. Comm. (1995), 72 Ohio St.3d 401, relator voluntarily abandoned his position of employment in that he was fired for violating Wal-Mart's written drug abuse policy. Finding State ex rel. Pretty Products, Inc. v. Indus.Comm. (1996), 77 Ohio St.3d 5 distinguishable from the facts of this case, the magistrate concluded that Pretty Products does not compel a finding that relator's job separation was involuntary. Finally, the magistrate determined that the test set forth inLouisiana-Pacific properly may be applied to find a voluntary abandonment where no evidence exists that relator engaged in any "illicit activity" during the course and scope of his employment with Wal-Mart. Accordingly, the magistrate determined that the requested writ should be denied.
Relator has filed the following objections to the magistrate's decision:
 I. WHETHER THE INDUSTRIAL COMMISSION ABUSED ITS DISCRETION IN PRECLUDING THE CLAIMANT FROM RECEIVING TEMPORARY TOTAL DISABILITY BENEFITS WHERE UNCONTRADICTED EVIDENCE EXISTS IN THE RECORD INDICATING THE CLAIMANT WAS DISABLED FROM HIS EMPLOYMENT IMMEDIATELY AFTER HE SUSTAINED HIS INJURY AND THE TERMINATION OF THE CLAIMANT'S EMPLOYMENT OCCURRED DURING HIS INITIAL PERIOD OF DISABILITY.
 II. WHETHER THE INDUSTRIAL COMMISSION IMPERMISSIBLY EXTENDED THE HOLDING OF STATE EX REL. LOUISIANA PACIFIC v. I.C. 72 Ohio St.3d 401, SO AS TO HOLD THAT A VOLUNTARY ABANDONMENT OF THE CLAIMANT'S EMPLOYMENT OCCURRED EVEN FOR CONDUCT ON BEHALF OF THE CLAIMANT WHICH CANNOT BE DIRECTLY ATTRIBUTABLE TO HIS EMPLOYMENT.
 III. THE FINDING OF THE STAFF HEARING OFFICER THAT THERE IS NO EVIDENCE THAT THE CLAIMANT DID NOT HAVE LOST COMPENSABLE TIME FROM WORK UNTIL SEPTEMBER OF 1997 IS IRRELEVANT AS THE ISSUE OF TEMPORARY TOTAL DISABILITY COMPENSATION.
The first two objections reargue those matters adequately addressed in the magistrate's decision. For the reasons set forth in the decision, the objections are overruled. Relator's third objection is also unpersuasive. Whether or not the staff hearing officer's finding is irrelevant to the issue of temporary total disability in general, the issue is moot in this case. Because relator voluntarily abandoned his position of employment, he is not entitled to temporary total disability compensation. Accordingly, relator's third objection is overruled.
Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ denied.
BROWN and DESHLER, JJ., concur.